**Affirmed; Opinion Filed June 22, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00441-CR

### RAMON CAMPA SOVERANES, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1452686-N**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Stoddart
Opinion by Justice Stoddart

A jury convicted Ramon Campa Soveranes of the aggravated kidnapping of Mercy Vasquez and sentenced him to ten years' incarceration. In a single issue, appellant argues the evidence is insufficient to support the conviction. We affirm the trial court's judgment.

FACTUAL BACKGROUND

Harlen Flores patronized El Cristal Bar on the night of February 23, 2014, to drink beer, play pool, and see her friend Mercy Vasquez who worked as a bartender. A man, later identified as appellant, sat down next to Flores and bought two or three beers for her. He asked for her phone number, and, when she declined to provide it, he became angry. Flores moved to the other side of the bar where another friend was sitting. Appellant followed Flores and Vasquez told him to leave Flores alone. Appellant told Flores he would "come for her" before he left the bar for twenty-five

to thirty minutes. When appellant returned, Vasquez heard a woman shouting "[h]e has a gun." Appellant began yelling: "where is the white one, where is the white one, I want the white one." Vasquez believed appellant was looking for Flores because Flores has light-colored skin.

Flores testified when appellant saw her again, he grabbed her and told her "I want to take you with me; I want you to go with me." Although she tried to escape, appellant dragged Flores outside while pointing his gun at her. Flores did not want to go with appellant, but he was "taking me by force" and she was afraid. Eventually appellant threw Flores to the ground injuring her. Vasquez went outside, saw Flores, and took her inside the bar. Appellant returned to the bar and, while holding a gun, yelled "where is the white one? Where is the white one? If you don't give her to me, I'm going to kill all of y'all."

Appellant grabbed Vasquez and told her to "turn the white one over to him or for me to tell him where the owner [of the bar] lived." When Vasquez did not do either, he took her outside against her will. He had a gun and Vasquez was afraid. Before pushing her out the door, appellant told the bar patrons he would kill anyone who followed him. With the gun in her side, he took Vasquez to his pickup truck, which he had parked "a little far away" from the bar. He told her to be quiet and walk faster. When they were nearly to his truck, the police arrived in response to a disturbance call.

As the officers approached, they saw a man and woman walking away from the bar. The man had his left arm over the woman's shoulder and was "squeezing her to him." The officers told the man to stop and he did, raising his hands into the air, which caused his jacket to open. They saw a pistol in his waistband. Once the officers handcuffed appellant on the ground, they found a pistol next to him along with sixteen bullets. The police took appellant into custody. The police later identified Vasquez as the woman who appellant had his arm around.

After the events, Vasquez watched the surveillance video taken by the cameras at the bar and she testified the video captured what occurred that night. The video was played for the jury. The jury also saw pictures of Flores taken on the night of the incident, which showed injuries to her arms, legs, and head.

Flores identified appellant in court as the man who dragged her and then Vasquez from the bar. Christopher Taylor of the Dallas Police Department also identified appellant in court as the man arrested at El Cristal Bar.

LAW & ANALYSIS

We review a challenge to the sufficiency of the evidence in a criminal offense for which the State has the burden of proof under the single sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). Under this standard, the relevant question is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2011). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* Therefore, in analyzing legal sufficiency, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.* When the record supports conflicting inferences, we presume the factfinder resolved the conflicts in favor of the verdict and therefore defer to that determination. *Id.* Direct and circumstantial evidence are treated equally: circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id.*

As applicable here, a person commits the offense of aggravated kidnapping if the person "intentionally or knowingly abducts another person and uses or exhibits a deadly weapon during the commission of the offense." TEX. PENAL CODE ANN. § 20.04(b). "Abduct" means to restrain a person with intent to prevent her liberation by (1) secreting or holding her in a place where she is not likely to be found or (2) using or threatening to use deadly force. *Id.* § 20.01(2)(A), (B). "Restrain" means to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person. *Id.* § 20.01(1)(A). Restraint is "without consent" if it is accomplished by force, intimidation, or deception. *Id.*

Appellant argues the evidence is insufficient because the State did not prove appellant's identity as the perpetrator of the aggravated kidnapping. Vasquez could not identify appellant as the man who kidnapped her. However, she testified the man who attacked Flores was the same man who kidnapped her. Flores identified appellant in court as the man who dragged her from the bar and testified the same man kidnapped Vasquez. Taylor also identified appellant in court as the man arrested at El Cristal Bar who, at the time the police encountered him, had his left arm over a woman's shoulder and was "squeezing her to him." The woman subsequently was identified as Vasquez. Additionally, once the police handcuffed appellant on the ground, they found a pistol next to him along with sixteen bullets. Vasquez and Flores both testified the man who grabbed and dragged them had a gun.

The evidence also shows appellant exhibited a gun, a deadly weapon, while restraining Vasquez and preventing her liberation through the threat of deadly force. Appellant restricted Vasquez's movements without her consent and moved her from one place to another.

–4–

After viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Clayton*, 235 S.W.3d at 778. We overrule appellant's sole issue.

CONCLUSION

We affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180441F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

RAMON CAMPA SOVERANES,
Appellant

No. 05-18-00441-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1452686-N.
Opinion delivered by Justice Stoddart.
Justices Lang and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 22nd day of June, 2018.